UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH PINKHAM,<br><br>                      Plaintiff,<br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>                      Defendant. | CASE NO. 3:18-cv-05300-RJB<br><br>ORDER ON PLAINTIFF'S<br>MOTION TO REMAND TO STATE<br>COURT |

THIS MATTER comes before the Court on Plaintiff's Motion to Remand to State Court. Dkt. 8. The Court has considered the motion, Defendant's Response (Dkt. 9), Plaintiff's Reply (Dkt. 11), and the remainder of the file herein.

Plaintiff seeks remand of this case, which was removed on diversity jurisdiction grounds. Plaintiff argues that Defendant has failed to meet procedural requirements for timeliness of removal and that the amount in controversy threshold has not been met. Dkt. 8 at 1. The parties do not dispute diversity of citizenship. Plaintiff also seeks an award of cost and fees. *Id*.

ORDER ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT - 1

A. **Timeliness.**

Plaintiff filed the case in Thurston County Superior Court on February 20, 2018. A date stamp of March 9, 2018, 2pm on the Complaint details the timeframe of "ACCEPTED SOP" by the Washington Insurance Commissioner. Dkt. 1 at 9. The Notice of Service of Process, a document generated by Corporation Service Company (CSC), Defendant's service of process agent, affirms the March 9, 2018 date of "original" service of process on the Commissioner. Dkt. 10 at 7. The Notice of Service of Process also notes an additional date, March 19, 2018, as the "Date Served on CSC," when CSC received service "via certified mail" on Defendant's behalf. *Id*. at 1, ¶2; id. at 7. "20 days" is noted as the "Answer or Appearance Date" on the Notice of Service of Process. Defendant removed the case to federal court on April 18, 2018. Dkt. 1 at 3.

Defendant is an insurance agency incorporated under the laws of the State of Texas, with its principal place of business in Illinois. Dkt. 1 at 3.

28 U.S.C. § 1446 governs the procedure for the removal of civil actions. By statute, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

The parties agree that the case was removed on April 18, 2018, but they disagree as to whether the 30 day clock should run from service of process on the Commissioner, on March 9, 2018, or on CSC, on March 19, 2018. If service of process runs from the former, removal was untimely.

Resolving this issue turns on the sufficiency of the service of process. "The sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont*, 12 F.3d

933, 937 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Under Washington law:

> Each authorized foreign or alien insurer <u>must</u> appoint the commissioner as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within this state. <u>Service upon the commissioner as attorney constitutes service upon the insurer</u>. Service of legal process against the insurer can be had <u>only</u> by service upon the commissioner, except actions upon contractor bonds pursuant to RCW 18.27.040, where service may be upon the department of labor and industries.

RCW 48.050.200(1) (emphasis added).

Applying Washington law, Defendant is undisputedly a foreign insurer, so RCW 48.050.200(1) applies. By statute, service of process "must" be on the Commissioner, which in this case, was on March 9, 2018. The 30 day clock ran from March 9, 2018 and thus elapsed prior to removal on April 18, 2018.

Perhaps anticipating this result, Defendant points to the general "receipt" language in § 1446(b)(1) ("30 days after the <u>receipt</u> by the defendant, by service or otherwise"), arguing that Defendant "received" service of process on March 19, 2018 via certified mail. Dkt. 9 at 3, 4, citing to Dkt. 10 at 7. This argument ignores recent on-point Washington precedent, which controls. The Washington State Supreme Court answered, in the affirmative, the following certified question:

> Do RCW 4.28.080(7)(a), RCW 48.02.200, and RCW 48.05.200 establish service through the Washington State Insurance Commissioner as a <u>uniform and exclusive</u> means of service for authorized foreign or alien insurers in Washington State?

*Ohio Sec. Ins. Co. v. Axis Ins. Co.*, 190 Wash. 2d 348, 351, 413 P.3d 1028, 1029 (2018) (emphasis added), certifying *Ohio Sec. Ins. Co. v. Axis Ins. Co.,* No. C15-5698 BHS, at 2 (W.D. Wash. June 20, 2017). In *Axis*, the court rejected the argument made by Defendant in this case, that service of process on a foreign insurer could be sufficient by other means, reasoning that it would "def[y] the plain language of the statute." *Id*. at 353.

Because the 30 day clock ran from the date the Commissioner was served, March 9, 2018, Defendant's removal was untimely. Remand is warranted.

**B. Amount in controversy.**

Although the case should be remanded, *see above*, Defendant's amount in controversy showing should be examined, because it in part informs whether costs and fees should be awarded.

In diversity jurisdiction cases, federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979). The party seeking removal bears the burden of establishing diversity of citizenship and an amount in controversy over $75,000 by a preponderance of the evidence. 28 U.S.C. § 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567. Courts may consider "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Defendant estimates approximately $52,988 in medical bills and $131,090 in lost wages. Dkt. 10 at ¶6. This estimate does not include trebled damages or fees. *Id.* at ¶7. Rather than countering Defendant's estimate, supported by the declaration of Defendant's counsel, Plaintiff argues that the amount in controversy is less than $75,000 because Plaintiff's counsel agreed to settle the case for $74,999. Dkt. 11 at 2. In support, Plaintiff cites to Exhibit A, a demand letter by Plaintiff's counsel. The letter states, "my client is willing to accept $74,999 new money to

resolve his UIM claim." Dkt. 11 at 6. However, the letter elsewhere states, "my client's last demand was for $80,000[.]" *Id*.

Defendant has met its burden to show an amount in controversy more than $75,000 with summary judgment-like evidence. Remand is not warranted based on the amount in controversy.

**C. Fees and costs.**

"The standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although Defendant was legally incorrect about how to calculate the 30 days for removal, Defendant's argument was not specious or unreasonable. Defendant's removal, including the showing for diversity of citizenship and amount in controversy, was otherwise legally sufficient. Award of fees and costs is therefore not warranted.

\* \* \*

THEREFORE, it is HEREBY ORDERED that Plaintiff's Motion to Remand (Dkt. 8) is GRANTED IN PART as to the request for remand to state court. The case is HEREBY REMANDED to state court.

The motion is DENIED IN PART as to the request for fees and costs.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of May, 2018.

ROBERT J. BRYAN
United States District Judge